**In re John J. KIELHAFNER and Ann L. Kielhafner, Debtors.**

**Bankruptcy No. 86–10231–DPM.**

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

Oct. 31, 1986.

See also, Bkrtcy., 69 B.R. 1012.

John T. Welch, Poplar Bluff, Mo., for debtors.

Jill S. Newman, Asst. U.S. Atty., St. Louis, Mo.

Dwight Crader, Sikeston, Mo., for Equitable Life Assur. Society.

Tom K. O'Loughlin, II, Cape Girardeau, Mo., for Jackson Exchange Bank.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

Pending for determination are the Farmers Home Administration's ("FmHA") Motion To Lift Stay And For Specific Abandonment filed June 25, 1986 (Motion 04), and Motion For Adequate Protection filed June 26, 1986 (Motion 03) as well as Debtor's Complaint against FmHA filed July 8, 1986 (Adv. No. 86–0042) and Motion To Allow Use Of Cash Collateral filed August 20, 1986. This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. These are "core proceedings" pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (F), (G), (K), and (M), which the Court may hear and determine.

ISSUE: DOES FmHA HAVE A PERFECTED SECURITY INTEREST IN DEBTORS' CROPS?

Central to each of the Motions and the Complaint is the question of whether FmHA perfected its security interest in Debtors' crops grown or harvested from July 1, 1985 to June 30, 1986 and their proceeds and products, including a check in the sum of $2,254.73 from the United States Department of Agriculture Agricultural Stabilization and Conservation Service ("the crops"). The parties submitted the question to the Court upon a Stipulation and Briefs. On the basis of that record and for the reasons set out below, the Court concludes that FmHA has a valid lien on the crops.

### DISCUSSION

Debtors concede that in 1985 they signed a Security Agreement granting FmHA a security interest in the crops. They deny, however, that FmHA ever perfected its security interest. The basis for their denial is that although FmHA filed a Financing Statement in 1984 purportedly covering the crops, in 1985 FmHA did not file with the applicable county recorder of deeds either the 1985 security agreement or an additional financing statement. In the absence of such notice, Debtors conclude, FmHA has failed to perfect a lien on the crops.

Debtors' conclusion is mistaken. Section 400.9–402, R.S.Mo., provides that

"a financing statement may be filed before a security agreement is made or a security interest otherwise attaches." While Section 400.9–204, R.S.Mo., does provide that to have a perfected lien on crops, the creditor must procure a new or current security agreement on an annual basis, "that section does require the filing of a new financing statement. Thus, one properly filed financing statement could theoretically perfect the creditor's lien in crops for five years, provided only that the debtor executed a new security agreement each year." *In re Beasley*, 62 B.R. 653, 654 (Bankr.W.D.Mo.1986); *see also, Matter of Ellis*, 55 B.R. 671, 674–75 (Bankr.W.D.Mo. 1985). The Court, therefore, holds that FmHA has a valid lien on the crops.

## EFFECT ON PROCEEDINGS

### The Motions

■ Under 11 U.S.C. § 362(d)(1), FmHA is entitled to relief from the stay unless Debtors furnish FmHA adequate protection for its interest in the crops. Since the crops constitute cash collateral under 11 U.S.C. § 363(a), Debtors may not use said collateral without FmHA's consent or court authorization. 11 U.S.C. § 363(c)(2). Even were the Court to authorize such use, that authorization would have to be conditioned on Debtors providing FmHA adequate protection of its interest in the crops. 11 U.S.C. § 363(e). In short, FmHA's interest must be adequately protected by Debtors.

■ Although FmHA is entitled to adequate protection, Debtors are the ones who must make an adequate protection proposal to FmHA. *In re Multi-Photo, Inc.*, 62 B.R. 159, 162 (Bankr.E.D.Mo.1986). Only in the event the parties are unable to reach an agreement will the Court decide what constitutes adequate protection in the circumstances.

### Debtors' Complaint

FmHA's lien on Debtors' crops has implications for Debtors' Complaint. In Count I, Debtors request the Court to determine whether the FmHA has a perfected security interest in Debtors' crops, farm equipment, inventory, accounts receivable and other collateral. While the Court has held that FmHA does have a perfected security interest in Debtors' crops, the status of FmHA's position with respect to the remaining collateral remains to be determined.

■ In Count II, Debtors allege that FmHA received a preferential transfer of $2,254.73 by "setting off" a check from the United States Department of Agriculture Agricultural Stabilization and Conservation Service. Although FmHA has a valid security interest in the crops and, thus, the check, it may be undersecured, depending on the value of the crops. If so, some portion of the check may be recoverable as a preference. *See, Drabkin v. A.I. Credit Corp.*, 800 F.2d 1153, 1157 (D.C.Cir.1986). The parties, therefore, need to address with precision the valuation of FmHA's security.

In Count III, Debtors are apparently requesting turnover of the same check referred to in Count II. Since the FmHA has a perfected security interest in the check, turnover of it to the Debtors must be conditioned on their furnishing adequate protection to FmHA for its interest in the check. 11 U.S.C. § 363(e); *United States v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

An Order consistent with this Opinion will be entered this date.