**In re John J. KIELHAFNER and Ann L. Kielhafner, Debtors.**

**Bankruptcy No. 86–10231–DPM.**

United States Bankruptcy Court, E.D. Missouri, S.D.

Feb. 24, 1987.

John T. Welch, Poplar Bluff, Mo., for Debtors.

Jill S. Newman, Asst. U.S. Atty., St. Louis, Mo. for the U.S.

Tom K. O'Loughlin II, Cape Girardeau, Mo., for Jackson Exchange Bank.

Dwight Crader, Sikeston, Mo., for Equitable Life Assur. Society.

Paul H. Berens, Cape Girardeau, Mo., for John Deere Co.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

On May 13, 1986, husband and wife farmers, John J. Kielhafner and Ann L. Kielhafner, filed their voluntary joint Chapter 11 petition. On June 24, 1986, the Farmers Home Administration ("FmHA") filed a Motion For Adequate Protection. On July 8, 1986, Debtors filed Suggestions In Opposition to FmHA's motion as well as an adversary Complaint seeking the Court's determination that FmHA lacked a valid lien on their 1985–1986 crops. On August 20, 1986, Debtors filed a Motion To Allow Use Of Cash Collateral, namely, the 1985 crops. On August 29, 1986, FmHA formally objected to that motion. On October 31, 1986, 69 B.R. 51, the Court held that "FmHA has a lien on Debtors' crops grown or harvested from July 1, 1985 to June 30, 1986 and their proceeds and products including a certain check in the sum of $2,254.73 from the United States Department of Agriculture Agricultural Stabilization and Conservation Service." The Court further held that because the crops constituted cash collateral, authorization for the Debtors to use that collateral would have to be conditioned upon Debtors providing FmHA adequate protection of its interest in the crops. The Court, therefore, directed Debtors to file and serve upon FmHA's attorney an adequate protection proposal consistent with that holding. On November 10, 1986, Debtors submitted their adequate protection proposal to FmHA and on November 13, 1986, FmHA formally objected to that proposal.

On December 8, 1986, Debtors filed a Motion To Incur Debt wherein they requested authorization to pledge their 1985–1986 corn crop to the United States in return for a loan from the government for 1986–1987 operating expenses. On December 10, 1986, the Court held a hearing on the Debtors' adequate protection proposal to the FmHA and Motion To Incur Debt. Upon the evidence then adduced, the argu-ment of counsel, and all other matters of record, the Court makes the findings of fact and conclusions of law set forth below and this date enters an order sustaining FmHA's objection to Debtors' adequate protection proposal, denying Debtors' Motion To Incur Debt, and directing Debtors to show cause why their case should not be dismissed for absence of a reasonable likelihood of rehabilitation.

### FINDINGS OF FACT

1. The husband is 46 years old, in good health, and for the last 35 years has farmed the same 330 acre plot in Cape Girardeau County, Missouri. The wife is 44 years old and also is in good health.

2. Debtors' income is derived from growing corn, wheat and soybeans and raising hogs.

3. Debtors have two sons, 18 years old and 17 years old, each of whom is familiar with and capable of handling farm operations in the event Debtors were temporarily unable to do so.

4. In addition to FmHA, Debtors have secured debts payable to the Equitable Life Assurance Society of the United States ("Equitable"), Jackson Exchange Bank ("Jackson") and John Deere Company ("Deere").

5. Equitable has a senior lien on the farm real estate. As of May 13, 1986, the date of Debtors' Chapter 11 petition, Debtors owed Equitable $286,272.08, with interest accruing at the rate of $77.52 daily. At all times relevant herein, the real estate has had a fair market value of $339,000.00, an amount in excess of Equitable's lien.

6. On May 27, 1986, Equitable filed a Motion To Modify Automatic Stay, Or In The Alternative For Adequate Protection. On November 10, 1986, Debtors filed an Offer of Adequate Protection to Equitable wherein they proposed to pay Equitable $13,379.94 on December 15, 1986 and $22,000.00 annually thereafter until a plan of reorganization is confirmed or their case dismissed or converted to Chapter 7. Debtors' offer is acceptable to Equitable.

**1014**

7. Jackson has a lien on much of Debtors' farm equipment. On May 20, 1986, Jackson filed a Motion For Relief From Stay And Adequate Protection. On October 31, 1986, the Court found that Debtors owed Jackson $160,000.00, that the farm equipment had a value of approximately $120,000.00, and that Jackson's secured claim was approximately $112,800.00 (some of the farm equipment being subject to a prior lien held by Deere). The Court ordered Debtors to tender to Jackson adequate protection payments of $833.33 monthly, commencing on November 19, 1986.

8. Deere has a lien on a tractor and drill owned by Debtors. Debtors have agreed to provide Deere adequate protection payments for its interest in this equipment consisting of $136.77 payable every four weeks commencing November 4, 1986, and every four weeks thereafter. Debtors further agreed to pay Deere $1,000.00 on December 31, 1986, if they had no plan confirmed by said date and another $1,000.00 on March 1, 1987, if they had no plan confirmed by that date.

9. Debtors presently have no disclosure statement and plan of reorganization on file and have made none of the agreed upon adequate protection payments to Equitable, Jackson, and Deere.

10. FmHA has junior liens on Debtors' real estate and a first lien on Debtors' 1985–1986 crops. As of May 13, 1986, the date of Debtors' Chapter 11 petition, Debtors owed FmHA $167,516.84.

11. The value of Debtors' 1985–1986 crops as of December 10, 1986, the date of the hearing on these matters, was $51,766.50. Debtors propose to sell their 1985–1986 crops and use the proceeds to operate the farm and make adequate protection payments to Equitable, Jackson, and Deere. As adequate protection for its collateral, Debtors have offered FmHA a first lien on the 1986–1987 crops, retention of FmHA's junior lien on the farm real estate, and $4,020.00 a year.

12. Were Debtors to continue their farm operations, based on past history and current market values, Debtors could reasonably project gross income from 1986–1987 crops to be $58,342.00 and gross income from raising hogs to be $9,032.00 for a total gross farm income of $67,374.00.

13. Were Debtors to continue their farm operations, based on past history and current market prices, Debtors could reasonably be expected to incur operating expenses of $41,226.00, *not* counting either personal living expenses or adequate protection payments to creditors. Debtors, therefore, would have a net farm income of only $26,148.00.

14. Debtors' projected net farm income is more than $10,000.00 *less* than the total amount which Debtors propose to pay in adequate protection payments.

15. Any of the foregoing findings of fact deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

**CONCLUSIONS OF LAW**

1. This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), (D), (M), and (O), which the Court may hear and determine.

2. Although a lien on future crops may serve as a basis for providing adequate protection, *In re Ahlers*, 794 F.2d 388, 397 (8th Cir.1986), *petition for cert. filed*, 55 U.S.L.W. 3454 (U.S. Jan. 6, 1987) (No. 86–958); *In re Martin*, 761 F.2d 472 (8th Cir. 1985), where, as here, Debtors' proposal is one among several proposals to creditors which when taken together are *impossible* to simultaneously perform, then, as a matter of law, such a proposal cannot and does not provide adequate protection to the creditor.

3. Debtors' Motion To Allow Use Of Cash Collateral and Motion To Incur Debt will be DENIED. FmHA's Objection to Debtors' adequate protection proposal will be SUSTAINED.

4. Since it is evident that without the ability to liquidate their 1985–1986 crops and use the proceeds to finance future farm operations Debtors have no realistic expectation of successful rehabilitation, Debtors will be directed to show cause why their case should not be dismissed.

5. An Order consistent with this Memorandum Opinion will be filed simultaneously therewith.

6. Any of the foregoing conclusions of law deemed to be findings of fact are hereby incorporated into the Findings of Fact.